UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN E. TAPP,

                Plaintiff,

-against-

BUDD G. GOODMAN,

                Defendant.

21-CV-0441 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Sean E. Tapp, currently incarcerated in Five Points Correctional Facility in Seneca County, New York, brings this action *pro se*. Plaintiff has not prepaid the filing fees for this action or filed an application to proceed *in forma pauperis* (IFP).

Plaintiff is barred under 28 U.S.C. §1915(g) from filing any new action IFP while a prisoner. *See Tapp v. New York State Dep't of Corr. and Comm. Super.*, No. 20-CV-01419 (BKS) (TWD) (N.D.N.Y. Dec. 14, 2020); *see also Tapp v. Doe*, ECF 1:21-CV-0138, 3 (S.D.N.Y. Jan. 11, 2021) (discussing district court cases finding that Plaintiff is barred under 28 U.S.C. § 1915(g)).[1] Under § 1915(g),

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed this new action without prepaying the filing fee. The Court therefore assumes that he seeks IFP status. But his complaint does not show that he is in imminent danger of serious physical injury.[2] Rather, Plaintiff alleges that "the court has allowed itself to engage in

---

[1] In addition to the action under 21-CV-0138 and this case, Plaintiff recently filed two additional complaints in this Court. *See Tapp v. Figueroa*, ECF 1:20-CV-0454, 1 (S.D.N.Y. filed Jan. 4, 2021); *Tapp v. Cataloo*, ECF 1:21-CV-0440, 1 (S.D.N.Y. filed Jan. 4, 2021).

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*,

world[-]wide corruption of every state of judicial practice, allowing the economic exploitation of financially or educationally dis-advantage[d] defendants." (ECF No. 1 at 2.) These allegations do not suggest that he faces an imminent danger of serious physical injury. Because the complaint fails to set forth such allegations, Plaintiff cannot bring this action without prepaying the filing fees.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 21, 2021
      New York, New York

                                                  COLLEEN McMAHON
                                           Chief United States District Judge

---

293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).